IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SGT. KENDRIA NEWSOME, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-00330 |
| | § | |
| SAN JACINTO COLLEGE DISTRICT, | § | |
| Defendant. | § | |

**<u>DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S RESPONSIVE PLEADING</u>**

TO THE JUDGE OF THE HONORABLE COURT:

Defendant San Jacinto College District ("SJCD" or "the College") files its Motion to Strike Plaintiff's Responsive Pleading and would respectfully show the Court the following:

1.   On February 2, 2017, Plaintiff filed her Original Complaint.  (Dkt. 1).  On July 31, 2017, Plaintiff filed her First Amended Complaint.  (Dkt. 19).  On January 24, 2018, this Court granted in part Defendant's partial motion to dismiss, dismissing Plaintiff's claims under 42 U.S.C. § 1981. (Dkt. 30).

2.   This Court has been generous with deadline extensions and modifications to the scheduling order in this case.  The parties had a telephonic conference with the Court on March 12, 2018 in which the Court indicated a firm docket call date of September 10, 2018 and set a dispositive motion deadline of June 11, 2018 in order to give the Court sufficient time to consider any dispositive motions in advance of the docket call date.  (Dkt. 38).

3.   Defendant complied with this deadline, submitting its Motion for Summary Judgment on June 11, 2018.  (Dkt. 39).  The Motion for Summary Judgment comports with the Southern District Local Rules and Court Procedures, including the 25 page limit for all briefs.[1]

4.   Plaintiff subsequently sought and was granted an extension of time to respond to the Motion for Summary Judgment to accommodate Plaintiff's counsel's vacation schedule.  (Dkt. 40, 41).

5.   On July 16, 2018, Plaintiff filed her Response in Opposition to the College's Motion for Summary Judgment (Dkt. 42) that runs 54 pages, more than double the length of the original motion and more than double the page limit.  Plaintiff's Response also fails to comply with the other requirements for legal briefs set out in the Court's Procedures.  Plaintiff did not request leave to file a brief in excess of the page limit in advance of filing the non-compliant brief, as required by the Local Rules.

6.   On July 17, 2018, counsel for the College requested that Plaintiff re-file her Response in conformity with the Local Rules and Court Procedures.  Plaintiff refused.

7.   Courts have discretion to strike pleadings that do not conform to the Court's page limit rules and procedures.  *Espinoza v. San Benito Consol. Indep. Sch. Dist.*, 2016 WL 10744704, at *3 (S.D. Tex. Sept. 13, 2016) (striking motion for summary judgment that exceeded 25 page limit by approximately 5 pages); *C.G. v. Waller Indep. Sch. Dist.*, 4:15-CV-123, Dkt. 29 (Jan. 1, 2016) (Hoyt, J.) (striking responsive pleadings that violated page limit); *see also Belford v. Scott*, 2012 WL 3069846, at *2, n.6 (S.D. Tex. July 27, 2012) (Hoyt, J.) (granting motion to dismiss and noting that "the Court will strike any documents that violate the page limits imposed by the local rules."). Enforcement of local rules is reviewed for abuse of discretion.  *See, e.g.*, *Geiserman v. MacDonald*,

---

[1] *See* http://www.txs.uscourts.gov/sites/txs/files/kmhp.pdf ("The Court requires concise, pertinent and well organized briefs and memoranda of law. Without leave of Court, all briefs or memoranda are limited to 25 pages.").

893 F.2d 787, 790 (5th Cir. 1990). The Court should exercise its discretion here to enforce its local rules by striking Plaintiff's Response.  Plaintiff's failure to file a concise and compliant Response is unfathomable in light of the Court's generous deadline extensions and the already tight timeline imposed upon the Court to consider dispositive motions in advance of the docket call date.

8.   To allow Plaintiff's Response brief to comprise more than 50 pages of argument without leave of Court, while the College was careful to conform its motion to a significantly shorter page limit would be inequitable.  Accordingly, the College moves that the Court strike Plaintiff's non-conforming Response from the record, and asks that this Court refuse to consider the contents of Plaintiff's Response.  In the alternative, the College asks that the Court order the Plaintiff to file a Response in compliance with the Local Rules and Court Procedures.

Respectfully submitted,

**THOMPSON & HORTON LLP**

By:   /s/ Jessica N. Witte
Arturo G. Michel
State Bar of Texas No. 14009440
Southern District No. 7960
Jessica N. Witte
Texas Bar No. 2409502
Southern District No. 2963452
Phoenix Tower, Suite 2000
3200 Southwest Freeway
Houston, Texas  77027-7554
(713) 554-6766 (telephone)
amichel@thompsonhorton.com
jwitte@thompsonhorton.com

**COUNSEL FOR DEFENDANT**

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that on July 17, 2018, I conferred via email with Scott Poerschke, who indicated Plaintiff's refusal to file a brief in conformity with the Court's rules.

/s/ Jessica N. Witte

Jessica N. Witte

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing pleading was served upon opposing counsel on July 18, 2018, properly addressed as follows:

Mr. R. Scott Poerschke                    ***Via ECF Electronic Service***
The Poerschke Law Firm, PLLC
5111 Center St.
Houston, Texas 77007
scott@rsplegal.com

/s/ Jessica N. Witte

Jessica N. Witte

4814-1236-4397
074115.000103

4